## John G. Byrne v. Guiseppi Panesi.

1. INSTRUCTIONS—*Services of a Physician and Nurse.*—In an action to recover for the services of a physician and nurse, it is error to instruct the jury that the plaintiff can not maintain an action for service as a physician, unless he proves by competent evidence that he had a license duly issued by the State Board of Health.

Assumpsit, for services. Trial in the County Court of Cook County, on appeal from a justice of the peace. The Hon. C. W. RAYMOND, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Reversed and remanded. Opinion filed May 31, 1898.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellant.

Johnson & McDannold, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This suit was based upon a claimed contract of employment of appellant to travel with appellee's invalid son as a physician and nurse. Upon appeal from a justice's court to the County Court a trial resulted in a verdict and judgment for thirty dollars. It would seem that there should have been a verdict for a larger sum, if any at all were to be recovered, but because the judgment must be reversed for error in the giving of one of defendant's instructions we will not comment upon the facts of the case to the possible prejudice of either party upon the next trial.

One of the assigned errors is the giving of improper instructions at the request of appellee.

The second instruction given for appellee was as follows:

"The court instructs the jury that the plaintiff can not maintain an action for service as a physician, unless he proved by competent evidence that he had a license duly issued by the State Board of Health, and if the same has not been proven, then the jury will find a verdict for the defendant."

The contract, if any, was for appellant's services both as a nurse and physician, and was acted upon, though terminated before a full performance as to the time originally arranged for the journey that was taken. There was no claim, and no evidence to support a claim, for services as physician separated from those as nurse. The two kinds of service in contemplation, and in fact rendered together, were as nurse and as physician, and to give an instruction including the element of one kind of service and excluding all reference to the other was error.

The judgment is reversed and the cause remanded.